UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENYS NAMYSTIUK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:22-cv-03162 (UNA) |
| ) | |
| RUSSIAN FEDERATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, is a resident of Ukraine, who has filed suit against Vladmir Putin and "the Russian Federation" via the Russian Embassy. He states that because of Russia's invasion of Ukraine, his village was occupied and subjected to acts of brutality by Russian forces, which has caused him and others extreme suffering and trauma, in violation of 18 U.S.C. §§ 1091, 2241, and other provisions. He demands $7,620,000 in damages.

The Court notes, however, that, "in a suit involving a foreign state, a plaintiff must satisfy subject matter jurisdiction under the FSIA [Foreign Sovereign Immunities Act] before the court can reach claims under the Alien Tort Claims Act, 28 U.S.C. § 1350." *Soudavar v. Islamic Republic of Iran*, 67 Fed. App'x 618, 619-20 (D.C. Cir. 2003) (citing *Saltany v. Reagan*, 886 F.2d 438, 440–41 (D.C. Cir. 1989)). The FSIA is the "sole basis for obtaining jurisdiction over a foreign state in our courts," *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434 (1989), and provides that a foreign state is immune from the jurisdiction of the United States courts unless an exception applies, *Roeder v. Islamic Republic of Iran*, 646 F.3d 56, 58 (D.C. Cir. 2011) (citation and internal quotation marks omitted), or an existing international agreement provides

otherwise, *Peterson v. Royal Kingdom of Saudi Arabia*, 416 F.3d 83, 86 (D.C. Cir. 2005). *See* 28 U.S.C. § 1604 (conferring foreign state immunity "[s]ubject to existing international agreements to which the United States is a party at the time of enactment of this Act"). "Claims against foreign sovereigns that do not fall within the ambit of a FSIA exception are barred." *Simon v. Republic of Hungary*, 812 F. 3d 127, 141 (D.C. Cir. 2016) (citation and internal quotation marks omitted), *rev'd on other grounds*, *Fed. Rep. of Germany v. Philipp*, 141 S.Ct. 703 (2021). And waivers of sovereign immunity must be clear and unequivocal. *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992). Notably, embassies also qualify as a "foreign state" under the FSIA. *See* 28 U.S.C. § 1608(a); *Jouanny v. Embassy of France in the United States*, 220 F. Supp. 3d 34, 38-39 (D.D.C. 2016) (citing *Howe v. Embassy of Italy*, 68 F. Supp. 3d 26, 32–33 (D.D.C. 2014) (collecting cases)).

Plaintiff has not established that defendants lack immunity from suit; therefore, he fails to satisfy the specific jurisdictional requirements of the FSIA. He makes passing reference to 28 U.S.C.A. § 1605A, the "terrorism exception" to the FSIA, but that exception is inapplicable here. *See Singh v. Commonwealth of Australia*, 521 F. Supp. 2d 91, 92–93 (D.D.C. 2007). Section 1605A requires that a plaintiff must be a national of the United States, a member of the United States armed forces, or a federal employee or government contractor. *See* 28 U.S.C.A. § 1605A(2); *Singh*, 521 F. Supp. 2d at 92–93 (discussing 28 U.S.C. § 1605(a)(7), where the same terrorism exception was codified prior to 2008); *see also Opati v. Republic of Sudan*, 140 S. Ct. 1601, 1606 (2020) (noting that § 1605(a)(7) and § 1605A are essentially the same, except that the enactment of § 1605A allowed for punitive damages under the exception). Moreover, § 1605A applies only if the state was formally designated by the United States as a sponsor of terrorism at the time of the alleged act of terrorism, or if it was later designated as a sponsor because of the relevant act(s).

*See* 28 U.S.C.A. § 1605A(2); *Singh*, 521 F. Supp. 2d at 92–93.  Here, there is no indication that plaintiff qualifies under any of the aforementioned categories, and though a congressional resolution has been proposed, it has not been enacted.  In other words, Russia was neither designated by the United States as a state sponsor of terrorism at the time of the alleged acts, nor is it yet so designated.  *See* 50 U.S.C. App. § 2405(j); 22 U.S.C. § 2371; *see also* https://www.state.gov/state-sponsors-of-terrorism/ (list of designated state sponsors of terrorism) (last visited Nov. 16, 2022).

Plaintiff also references the Universal Declaration of Human Rights, but that Declaration also fails to "set forth a cause of action against foreign nations in United States courts, nor do[es] [it] . . . provide for a waiver of immunity to suit in the United States." *Denegri v. Rep. of Chile*, No. 86–3085, 1992 WL 91914, at *3 (D.D.C. Apr. 6, 1992) (collecting cases).  Similarly, the Torture Victim Protection Act, also referenced by plaintiff, is subject to all the restrictions of the FSIA, and does not itself create an exception to its provisions.  *See Belhas v. Ya'alon*, 515 F.3d 1279, 1288–89 (D.C. Cir. 2008).

For these reasons, this case is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and Fed. R. Civ. P. 12(h)(3).  Plaintiff's pending motion for CM/ECF password, ECF No. 3, is denied as moot.  A separate order accompanies this memorandum opinion.

DATE: November 17, 2022                          ____/s/_____
                                                                    JAMES E. BOASBERG
                                                                    United States District Judge